IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DONNIE WAYNE SHEFFIELD, | ) | Civil Action No. 4:11-3247-TLW |
| | ) | Criminal No. 4:07-769-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court for consideration of Petitioner Donnie Wayne Sheffield's *pro se* motion and affidavit for recusal filed contemporaneously with Petitioner's motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. (Doc. # 181). In his motion for recusal, Petitioner argues that this Court should recuse itself from consideration of Petitioner's § 2255 application because this Court is predisposed to the belief that Petitioner's trial and appellate counsel provided Petitioner with effective representation.

The standard for judicial recusal is set out at 28 U.S.C. § 455. Pursuant to that statute, a judge must recuse himself in "any proceeding in which his impartiality might reasonably be questioned," including where he has a "personal bias or prejudice concerning a party." §§ 455 (a) and (b)(1). Importantly, in order for any alleged bias or prejudice to be disqualifying it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." Shaw v. Martin, 733 F.2d 304, 308 (4th Cir. 1984). As such, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994).

The grounds cited by Petitioner here do not warrant recusal.  Petitioner points to certain comments made by the Court in the context of a pre-trial motion to substitute defense counsel that was made by Petitioner on the eve of his criminal trial.  That motion was heard by the Court and resolved against Petitioner.  However, nothing in the Court's ruling on that motion evidences a personal bias or prejudice towards Petitioner, nor does it fairly call into question this Court's ability to impartially decide Petitioner's § 2255 application.  Petitioner's motion for recusal is therefore **DENIED**.  (Doc. # 181).

**IT IS SO ORDERED.**

March 14, 2012                                                                   __s/Terry L. Wooten_____
Florence, South Carolina                               United States District Judge