IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Donnie Wayne Sheffield, | ) | Civil Action No. 4:11-3247-TLW |
| | ) | Criminal No. 4:07-769-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Donnie Wayne Sheffield. ("Petitioner" or "Defendant"). On February 13, 2008, a jury returned a verdict of guilty on the first and only count of the Indictment, charging Petitioner with Felon In Possession of a Firearm, a violation of 18 U.S.C. § 922(g). (Docs. # 20 and # 99). This Court sentenced Petitioner to a total term of one hundred twenty (120) months. (Doc. # 114). Petitioner appealed and the Fourth Circuit Court of Appeals affirmed the conviction. (Doc. # 158). Petitioner then sought and was denied a petition for writ of certiorari from the United States Supreme Court.

Petitioner filed the present action on November 29, 2011, alleging multiple grounds of relief, including numerous claims of ineffective assistance of counsel. (Doc. # 180). In addition, Petitioner challenges the Court's application at his sentencing of a four level enhancement for possession of a firearm during the commission of another felony offense. Id. Finally, Petitioner argues that he was unlawfully denied assistance of counsel in the preparation of this § 2255 petition. Id. The United States of America ("Government") filed a response in opposition and

moved for summary judgment. (Docs. # 201-206). Petitioner filed a timely response in opposition to the Government's motion. (Doc. # 218). The matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error, and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334 Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §

2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has filed a response and moved for summary judgment as to all grounds raised by Petitioner. (Docs. # 201-206). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 323. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an

essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## ANALYSIS OF CLAIMS

Petitioner has asserted several claims in this action. As an initial matter, Petitioner's claim for relief based upon his being denied appointed counsel to press this § 2255 petition is without merit. It is well established that "[t]here is no right to effective assistance of counsel in a habeas proceeding." Lovitt v. True, 403 F.3d 171, 188 (4th Cir. 2005).

Petitioner's claim that his sentence was unlawfully enhanced based upon "a separate crime" that was not passed upon by the jury (specifically, kidnapping/unlawful restraint) is similarly unavailing. (Doc. # 180). Petitioner received a sentence enhancement pursuant to United States Sentencing Guideline § 2K2.1(b)(6) which provides a four level increase where the defendant "[u]sed or possessed any firearm . . . in connection with another felony offense." Here, the evidence at trial demonstrated to the Court's satisfaction that Petitioner unlawfully restrained his girlfriend (hereinafter, "Ms. Lane") against her will in her home while threatening the use of a shotgun. Notably, the Fourth Circuit Court of Appeals already reviewed this same claim on Petitioner's appeal and found no error in the Court's application of the enhancement. See United States v. Sheffield, No. 08-4876 at p.2 (March 30, 2010) (unpublished) ("[w]e have held that [a] district court's application of sentencing enhancements based on facts found by a preponderance of the evidence does not violate the Sixth Amendment.").

Petitioner's remaining claims are all based upon a theory of ineffective assistance of his trial and appellate counsel, John Wesley Locklair, III, Esquire. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the

Petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-692 (1984). A petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689.

Based upon the record before the Court and for the specific reasons set forth below, the Court concludes that none of Petitioner's several ineffective assistance claims should survive summary judgment.

**Failure To Properly *Voir Dire* Jury Panel**

Petitioner first argues that his counsel should have pressed for individual *voir dire* on the question of whether any members of the jury had been victims of domestic violence. (Doc. # 180-2). As the Government points out in its brief, the written jury questionnaire used in Petitioner's case included a question asking prospective jurors whether they or any of their close friends or family members had been the victims of a crime. See Federal Written Jury Questionnaire, Question # 30. This question, asked of all the potential jurors, is broader than and subsumes the question that Petitioner argues his counsel should have asked the individual jurors. This Court does not conclude therefore that counsel's failure to press for individual *voir dire* on the subject amounted to ineffective assistance, much less that the failure resulted in prejudice to the Petitioner.

**Failure To Properly Conduct Suppression Hearing**

Petitioner next maintains that his counsel was ineffective in failing to question, at a suppression hearing, the Government's witnesses in regards to their entry into Ms. Lane's home without first obtaining a search or arrest warrant. (Doc. # 180-2). A review of the hearing transcript, however, reveals that Ms. Lane testified that not only did she consent to the entry, she provided law enforcement officials with a key to the residence. (Doc. # 143 at pp. 8-14). In light of that testimony, the Court does not conclude that counsel's failure to press law enforcement witnesses on the issue of the legality of their entry into Ms. Lane's home amounted to ineffective assistance of counsel.

Petitioner also maintains that his attorney misadvised him by counseling him that any suppression hearing testimony that he offered could be used against him at a future trial. (Doc. # 180-2). It should be noted that counsel flatly refutes this allegation in his affidavit. (Doc. # 198) ("I do not ever recall telling [Petitioner] that his testimony at the motions hearing would be used against him at trial."). In addition, as the Government notes in its brief, Petitioner provides no basis upon which to conclude that the result of the suppression hearing would have been different had he testified. As outlined above, the Government produced significant evidence to establish that law enforcement secured consent prior to entering the property in question.

**Failure To Adequately Cross Examine At Trial**

Petitioner next argues that his counsel was ineffective in failing to adequately cross-examine trial witnesses. However, decisions related to whether and to what extent to conduct cross-examination generally do not support ineffective assistance claims, insofar as such decisions are properly considered by courts to be quintessentially strategic in nature. See

Dunham v. Travis, 313 F.3d 724, 732 (2d Cir. 2002); see also United States v. Myers, 2009 WL 1014335 at *3 (D.S.C. 2009) (quoting United States v. Hughes, 635 F.2d 449, 452 (5th Cir. 1981) ("'a defense counsel's trial strategy, which would include his asking or refraining from asking certain questions of witnesses, does not reach constitutional proportions.'")

Moreover, contrary to Petitioner's allegations, an examination of the trial transcript in his case reveals that defense counsel cross-examined and re-cross-examined the Government's central witnesses, the victim, Ms. Lane at some length. (Doc. # 126 at pp. 91-128).

**Failure To Object To Improper Jury Instruction**

Petitioner next maintains that counsel was ineffective in failing to object to the Court's failure to properly instruct the jury on the elements of 18 U.S.C. § 922(g) and specifically the interstate commerce nexus requirement. (Doc. # 180-2). However, contrary to Petitioner's assertion, the Court did properly instruct the jury with respect to interstate commerce. (Doc. # 96 at 14-17 ("The government may meet its burden of proving this element if it demonstrates that the firearm that the Defendant is alleged to have possessed "traveled" in interstate commerce, that is, from one state or country to another.").

**Failure To Challenge Kidnaping Cross Reference At Sentencing**

Petitioner next maintains that his counsel was ineffective for failing to object to the kidnaping cross reference and resulting four point enhancement at Petitioner's sentencing. (Doc. # 180-2). As the Government notes in its brief, Petitioner raised this precise issue on direct appeal and the Fourth Circuit found it to be without merit. See Sheffield, No. 08-4876 at pp.2-3 (March 30, 2010) (unpublished).

Petitioner also argues that his counsel was ineffective for failing to move the Court at sentencing for a downward departure. However, given the egregious conduct for which Petitioner was convicted, Petitioner was not a viable candidate for a sentencing variance.

**Failures Related To Petitioner's Appeals**

Petitioner's final two claims of ineffective assistance concern his counsel's decision to file an Anders brief with the Fourth Circuit and his counsel's refusal to file a petition for a writ of certiorari with the United States Supreme Court. (Doc. # 180-2). Both of these grounds are without merit.

As the Government notes in its brief, whenever an Anders brief is filed, the Fourth Circuit undertakes an independent review of the entire record. Here the Fourth Circuit found no errors in its review of the record in this case. See Sheffield, 08-4879 at p. 3 ("[i]n accordance with Anders, we have also reviewed the entire record in this case and have found no meritorious issues for appeal.").

With respect to counsel's failure to file a petition for a writ of certiorari, counsel moved to be relieved from continued representation because he believed that Petitioner was seeking a frivolous petition. This was a court sanctioned action and simply does not support a claim of ineffective assistance of counsel. See id.

**CONCLUSION**

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255, (Doc. # 180), is **DENIED**, the Government's motion for summary judgment is **GRANTED**, (Doc. # 206), and this action is **DISMISSED** with prejudice. In addition, the Court **DENIES**

Petitioner's motion for oral argument, (Doc. # 183), Petitioner's two motions for discovery, (Docs. # 185 and # 189), Petitioner's Motion to Strike, (Doc. # 221), Petitioner's motion to take depositions, (Doc. # 225), and Petitioner's Motion for Voir Dire (Doc. # 227). Finally, Petitioner's motion for a stay, (Doc. # 215), is terminated as **MOOT**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
United States District Judge

September 26, 2012
Florence, South Carolina